J. A. SHROPSHIRE ET UX *v.* RICHARD BROCK ET UX.

Parent and Child—Deed for Support of Parent—Consideration.

> A deed given a son, providing as a consideration, for the support of the parent, will be vacated subsequently, on proof shown that the conditions imposed were not complied with. And a subsequent conveyance by the father will be upheld.

APPEAL FROM HARRISON CIRCUIT COURT.

April 22, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deed *inter parte* between James Barnett and his son William of September 5, 1840, conveying the tract of 57½ acres of land by the former to the latter was in consideration of love and affection, the agreement of the latter to "furnish him with boarding, clothing, washing, lodging and all attendance and care, medicine and everything else by him needed or which may be necessary for the decent and comfortable support of him according to his condition."

It is evident that the main inducement to this conveyance was the immediate and continuing support of the old man during his life, instead, however, of entering upon the discharge of his under-

taking and controlling the land William Barnett seems not to have further performed nor to have claimed any benefit from the conveyance, but to have left his father in the undisturbed control of the land and to get his living as best he could, he, indeed, on several occasions repudiated any interest in the land or rights under the deed.

Brock and wife removed to the land, and Mrs. Brock seems to have cared for her father and rendered him as comfortable as their limited means and her small opportunities would permit.

Mr. Barnett remained in the neighborhood some fifteen years after the making of the deed without providing for his father or taking possession of the land, and then removed to Missouri some ten years before his father's death, he having also died some two or more years before his father.

James Barnett by last will devised said land some eighteen or twenty years after the deed, leaving a portion to his daughter, Mrs. Brock, and the remainder to his son John's children.

Mrs. Shropshire being a daughter and heir of Mr. Barnett, deceased, brought this suit, asserting title to said land under said deed of September 5, 1840, and the chancellor having adjudged against her, she and her husband prosecute this appeal. We concur with the chancellor that the evidence shows a total non-performance of the main and essential consideration and manifests an entire abandonment of the contract, and after an utter disregard of his filial duties and covenants for about twenty-five years the claim of William Barnett's heirs to set up the deed, and claim its benefits without the performance of its consideration in opposition to the testator's will cannot prevail.

Wherefore, the judgment is *affirmed.*

*Trimble, for appellant.*

*J. Q. Ward, for appellee.*